**DELAWARE VALLEY CITIZENS' COUNCIL FOR CLEAN AIR, et al.**

v.

**COMMONWEALTH OF PENNSYLVANIA, et al.**

**UNITED STATES of America**

v.

**COMMONWEALTH OF PENNSYLVANIA, et al.**

**Civ. A. Nos. 76–2068, 77–619.**

United States District Court, E. D. Pennsylvania.

Feb. 18, 1982.

Jerome Balter, James S. Lanard, Philadelphia, Pa., for Delaware Valley Citizens' Council for Clean Air et al.

Carol E. Dinkins, Stephen D. Ramsey, Washington, D. C., for United States of America.

Ward T. Williams, John M. Hrubovcak, Harrisburg, Pa., for Commonwealth of Pa. Dept. of Transp.

Kenneth A. Gelburd, Harrisburg, Pa., for Commonwealth of Pa. Dept. of Environmental Resources.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

■ Presently before the Court is the motion of the defendant Commonwealth of Pennsylvania for a stay pending appeal of the Court's Order of January 22, 1982, in which the Court enjoined the United States Secretary of Transportation from approving projects or awarding grants under Title 23 of the United States Code in the Philadelphia and Pittsburgh areas except as further provided in that Order. For the reasons set forth below, the motion will be denied.

Most of the arguments raised by defendant to demonstrate the likelihood of success on appeal have been previously advanced by the Commonwealth or its agencies in legal memoranda submitted in this case. Those issues will not be discussed further here. The Court stands on the analysis of those issues set forth in its memorandum of January 22, 1982. Nevertheless, several of the arguments, raised here for the first time in the Commonwealth's motion, merit brief discussion.

■ First, the Commonwealth argues that the United States Secretary of Transportation cannot be enjoined because he is not a party to the action. The United States *is* a party to the action as one of the

plaintiffs in this case. The Secretary of Transportation is an agent of that party. The Court sees no jurisdictional difficulty in effectuating its judgments by means of an injunction running against an agent of a named party to the action.

Secondly, the Commonwealth has misunderstood the use made by the Court of section 176 of the Clean Air Act, 42 U.S.C. § 7506, in fashioning the injunction. By no means did the Court purport to enforce directly the provisions of the Clean Air Act. Rather, as the Court stated in its memorandum, the Court was merely exercising its equitable discretion to fashion an appropriate coercive sanction for the defendants' contempt. *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 533 F.Supp. 869 at 882 (E.D.Pa. 1982). The injunction against approving projects or awarding grants under Title 23 of the United States Code was selected because the Court believed—as it continues to believe—that such a remedy would constitute an appropriate remedy for the reasons set forth in the Court's memorandum. The Court carefully stated that the remedy selected was "suggested"—not "mandated" or "required"—by the Clean Air Act itself. *Id.* The fact that the Administrator of the Environmental Protection Agency ("EPA") would be required to apply some other remedy if the Commonwealth were now before that agency does not alter or serve to restrict or even define the limits of the outcome here. The Clean Air Act does not limit the remedies available to a federal court in enforcement proceedings arising under that statute. Thus, the Court is not confined to the use of the remedies available to the EPA in similar circumstances, but may choose a form of relief that lies within the realm of sound discretion. This the Court believes it has done.

Since the Commonwealth has failed to show, for the reasons set forth above, a reasonable likelihood of success on appeal, *see Halderman v. Pennhurst State School and Hospital*, 451 F.Supp. 233, 235 (E.D.Pa.

1978), the motion for a stay of the Court's Order of January 22, 1982 will be denied.

An appropriate Order will be entered.